[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-14606
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00035-CR-1-LSC-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA CALHOUN CASS,
a.k.a. Susan Jones,
a.k.a. Patty Cass,
a.k.a. Patricia Calhoun,
PAUL ANTHONY CASS,
a.k.a. Brown,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(June 16, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Paul Anthony Cass[1] appeals his convictions for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, distribution and possession with intent to distribute cocaine base in violation of § 841(a)(1) and § 841(b)(1)(C), and maintaining a place for the purpose of manufacturing and distributing cocaine base in violation of 21 U.S.C. § 856(a)(1). On appeal, Cass argues that the government failed to provide him with reasonable notice of its intention to present evidence of his prior convictions under Fed.R.Evid. 404(b).

Ordinarily, "[w]e review district court rulings on the admissibility of evidence under an abuse of discretion standard." *United States v. Perez-Tosta*, 36 F.3d 1552, 1560 (11th Cir. 1994). However, where, as here, the claim is raised for the first time on appeal, we review for plain error. *United States v. Smith*, 459 F.3d 1276, 1282-83 (11th Cir. 2006). "Under the plain error standard, . . . there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.*

---

[1]One of Cass's codefendants was his wife, Patricia Calhoun Cass. She went to trial and the jury found her guilty. The district court imposed a 360 months' sentence, and this court recently affirmed that judgment. *See United States v. Cass*, No. 07-14606 (11th Cir. Feb. 26, 2009) (unpublished) (*per curiam*).

at 1283 (citation omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The government must "provide reasonable notice in advance of trial of its intention to present [Rule] 404(b) evidence, if the accused has requested the notice." *Perez-Tosta*, 36 F.3d at 1560.  The policy behind Rule 404(b)'s notice requirement is "to reduce surprise and promote early resolution on the issue of admissibility." *Id.* at 1561 (citation omitted).  The reasonableness of the government's disclosure "depend[s] largely on the circumstances of each case." *Id.* (citation omitted).  In determining whether the government's notice was reasonable, we consider "(1) [w]hen the [g]overnment, through timely preparation for trial, could have learned of the availability of the [evidence]; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the prosecution's case." *Id.* at 1562.

We conclude from the record that the district court did not plainly err by allowing the government to introduce evidence of Cass's prior convictions under Rule 404(b) because the government provided reasonable notice of its intention to present the evidence prior to trial.

3

Cass argues that the district court abused its discretion by denying his motion *in limine* and allowing the government to present evidence of his prior state convictions for unlawful distribution of a controlled substance. He asserts that this evidence constituted improper character evidence under Rule 404(b) and that the risk of unfair prejudice substantially outweighed the probative value of the evidence because the convictions occurred approximately ten years prior to the beginning of the conspiracy.

We review a district court's denial of a defendant's motion *in limine* for abuse of discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005).

Under Fed.R.Evid. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Thus, "[e]vidence of extrinsic offenses is inadmissible to prove that the accused has the propensity to commit the crime charged." *United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir. 1993). However, extrinsic evidence may be "admissible for other purposes, such as proof

4

of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

of mistake or accident." Fed.R.Evid. 404(b). To be admissible under Rule 404(b):

> [(1)] the evidence must be relevant to an issue other than the
> defendant's character; [(2)] the act must be established by sufficient
> proof to permit a jury finding that the defendant committed the
> extrinsic act; [and (3)] the probative value of the evidence must not
> be substantially outweighed by its undue prejudice, and the evidence
> must meet the other requirements of Rule 403.

*United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). "For extrinsic

offenses to be relevant to an issue other than character, they must be shown to be

offenses, and must also be similar to the charged offense." *Veltmann*, 6 F.3d

at 1499 (emphasis omitted).

"A defendant who enters a not guilty plea makes intent a material issue

which imposes a substantial burden on the government to prove intent, which it

may prove by qualifying Rule 404(b) evidence absent affirmative steps by the

defendant to remove intent as an issue." *United States v. Edouard*, 485

F.3d 1324, 1345 (11th Cir. 2007) (citation omitted). Evidence of prior personal

drug use is admissible to prove intent in a subsequent prosecution for distribution

of narcotics. *United States v. Butler*, 102 F.3d 1191, 1196 (11th Cir. 1997).

Further, where the extrinsic act involves a conviction, the second prong of the

Rule 404(b) test is established. *Delgado*, 56 F.3d at 1365. "Whether the probative

5

value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir. 1987). We consider "whether it appeared at the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *Edouard*, 485 F.3d at 1345.

We conclude from the record that the district court did not abuse its discretion by denying Cass's motion *in limine* and admitting evidence of his prior convictions because it was relevant to show his criminal intent under § 841(a)(1), and its probative value was not substantially outweighed by the risk of unfair prejudice.

Finally, Cass argues that the district court abused its discretion by allowing several of the government's witnesses to testify regarding his drug-dealing activities prior to the beginning of the conspiracy. He asserts that the evidence was inadmissible as character evidence under Rule 404(b). He maintains that the risk of unfair prejudice outweighed the probative value of the evidence because his drug-dealing activities occurred almost ten years prior to the beginning of the conspiracy and the government had other available witnesses to testify regarding his activities during the conspiracy.

As noted above, we review a district court's denial of a defendant's motion *in limine* for abuse of discretion. *Thompson*, 25 F.3d at 1563. Evidence is not extrinsic under Rule 404(b) where it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *Veltmann*, 6 F.3d at 1498. Evidence is inextricably intertwined with the charged offense when it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Edouard*, 485 F.3d at 1344 (citation omitted). Such evidence is admissible so long as it meets the usual requirements for admissibility under Fed.R.Evid. 401 and 403. *United States v. Richardson*, 764 F.2d 1514, 1522 (11th Cir. 1985). Nevertheless, "[t]he fact that this evidence is inextricably intertwined with other admissible evidence establishes its relevance under Rule 401." *Id.*

We conclude from the record that the district court did not abuse its discretion by allowing the government's witnesses to testify regarding Cass's prior drug-dealing activities because the evidence was not extrinsic under Rule 404(b), it was relevant to prove his criminal intent, and its probative value was not

substantially outweighed by the risk of unfair prejudice.  Accordingly, we affirm Cass's conviction.

**AFFIRMED.**